**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ROBERT JOHN GARCIA,<br><br>          Petitioner,<br><br>v.<br><br>THE LOS ANGELES COUNTY SUPERIOR COURT, et al.,<br><br>          Respondent. | No. LA CV 18-03864-VBF-PLA<br><br>**ORDER**<br><br>**Referring Second-or-Successive Habeas Petition to U.S. Court of Appeals as Authorized by Ninth Circuit R. 22-3(a);**<br><br>**Directing Clerk to Provide Ninth Circuit Form 12 to Petitioner;**<br><br>**Dismissing Action Without Prejudice for Lack of Subject-Matter Jurisdiction;**<br><br>**Denying a Certificate of Appealability** |

     Robert John Garcia ("petitioner") was convicted in 1973 in Los Angeles County Superior Court of first- and second-degree murder in violation of California Penal Code section 187, and sentenced to concurrent terms of five years and seven years to life in prison. Petitioner filed this 28 U.S.C. § 2254 habeas petition ("the 2018 petition") on May 9, 2018. Petitioner also submitted what appears to be a Memorandum of Points and Authorities (2018 Pet. at 12-18),[1] along with various documents (Exs. A-C), including a state trial court discovery order (Ex. A); a February 3, 1993 Order to Show Cause in case

---

[1] The Court refers to the ECF-generated page numbers when referring to the 2018 petition.

CV 93-0493-SVW (T), and a Return to Habeas Petition filed in case 90-4615-MRP (Ex. B); and a November 6, 2013 order denying petitioner's motion to appoint counsel in CV 13-7306-AHS (Ex. C).

In the 2018 Petition, petitioner again appears to challenge his 1973 conviction, alleging that "[a] criminal complaint ha[d] not been filed in Petitioner['s] case" (2018 Pet. at 3, 6), and that on direct appeal, the California Court of Appeal stated in an unpublished opinion that a criminal complaint was not filed in his case, "contrary to the Respondent, et al., derogatory aspersion[s]." (2018 Pet. at 3 (citing "2d Crim. 24724 (1974). Unpublished Opinion on p. 15"),[2] 6). The Memorandum appears to address these "claims" (Pet. at 16) plus additional unintelligible claims seemingly related to the sufficiency of the evidence at trial, and an apparent claim that he failed to receive the R&R in LA CV 17-06402.[3]

Petitioner has filed at least the **twenty-four** habeas petitions in this Court:[4]

- C.D. Cal. Case No. LA CV 78-02414-LEW
- C.D. Cal. Case No. LA CV 82-03612-LEW
- C.D. Cal. Case No. LA CV 82-05235-LEW
- C.D. Cal. Case No. LA CV 88-05459-RMT
- C.D. Cal. Case No. LA CV 88-07657-RSWL
- C.D. Cal. Case No. LA CV 90-04615-MRP
- C.D. Cal. Case No. LA CV 93-00493-MRP
- C.D. Cal. Case No. LA CV 99-10514-MRP
- C.D. Cal. Case No. LA CV 99-13573-MRP
- C.D. Cal. Case No. LA CV 00-00812-AHM

---

[2] Petitioner did not include a copy of this "opinion" with his 2018 Petition, and the citation is insufficient for the Court to locate it in an electronic database.

[3] This Court dismissed LA CV 17-06402-VBF-PLA as successive and referred it to the Circuit pursuant to Circuit Rule 22-3(a) to determine whether Garcia should be allowed to file a successive petition. (Case No. 17-06402-VBF (PLA), ECF No. 6). There was no R&R issued by the Magistrate Judge.

[4] In addition, the Circuit docket reflects that since 2000 petitioner has been involved in at least 23 appellate matters, at least seven of which denied his request to file a successive habeas petition. The California appellate website reflects that from 1984-2018 petitioner filed approximately 22 petitions.

- C.D. Cal. Case No. LA CV 00-02681-R
- C.D. Cal. Case No. LA CV 00-04247-R (dismissed as successive)
- C.D. Cal. Case No. LA CV 01-06503-HLH
- C.D. Cal. Case No. LA CV 02-04205-AHS (dismissed as successive) (see LA CV 17-02705 Doc. 4 at 2, noting that petition in CV 02-04205 had been dismissed as an unauthorized second or successive petition)
- C.D. Cal. Case No. LA CV 02-04413-AHS (dismissed as successive) (see LA CV 14-04224 challenging 1973 conviction & dismissal of LA CV 02-04413 as successive))
- C.D. Cal. Case No. LA CV 07-07459-AHS
- C.D. Cal. Case No. LA CV 11-07300-AHS
- C.D. Cal. Case No. LA CV 12-00869-AHS
- C.D. Cal. Case No. LA CV 13-07306-AHS
- C.D. Cal. Case No. LA CV 14-04224-VBF (PLA) (dismissed as successive)
- C.D. Cal. Case No. LA CV 17-02705-VBF (PLA) (dismissed as successive)
- C.D. Cal. Case No. LA CV 17-06402-VBF (PLA) (dismissed as successive) and
- C.D. Cal. Case No. LA CV 17-07952-VBF (PLA) (dismissed as successive).

(Some of these actions challenged parole denials.)

The first petition challenging his 1973 murder convictions seems to be LA CV 78-2414-LEW ("1978 Pet."), which was denied on the merits. (See LA CV 00-4247-R Doc 3).

The petition in LA CV 00-04247-R ("2000 Petition") was dismissed April 25, 2000, as a successive petition (LA CV 00-04247-R, ECF Nos. 3, 4), as were the petitions in LA CV 02-04205-AHS and LA CV 02-04413-AHS, and others as noted above.

A federal habeas claim is successive if it was or could have been adjudicated on the merits in a previous federal petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001). A successive habeas claim not presented in a prior petition shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

|   |   |   |
|---|---|---|
| (B) | (I) | the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and |
|   | (ii) | the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. |

28 U.S.C. § 2244(b)(2)(A), (B). **"Before a second or successive [claim] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the" claim. 28 U.S.C. § 2244(b)(3)(A).**

As noted, the 1978 Petition challenged petitioner's 1973 conviction and was dismissed on the merits; the 1990 Petition, which challenged the sufficiency of the evidence to support his 1973 conviction, was dismissed as unexhausted; and the 2000 and 2002 petitions, which also challenged the 1973 conviction, were dismissed as successive.[5] Most recently, the 2014 petition and the three 2017 petitions were also dismissed as unauthorized successive petitions.

In the 2018 petition at 3 and 6, petitioner appears to contend that no criminal complaint was filed against him in his state-court action. He does not contend that his 2018 claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Indeed, even if petitioner is seeking to present new claims in the 2018 petition, he is again challenging his 1973 conviction. Thus, the factual predicate for his claims, which relate to a 1974 opinion in his state criminal case, as well as to evidence presented at trial, could have previously been discovered through the exercise of due diligence. Accordingly, the 2018 petition is successive.

Moreover, even if these claims satisfied an exception in § 2244(b)(2)(A) or (B) such that AEDPA would allow a second-or-successive claim, petitioner nevertheless must receive leave from the Circuit before again attacking the same conviction or sentence pursuant to § 2254 or 2255. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007).

---

[5] As this is the twenty-fourth habeas petition filed in this Court, one or more of the petitions filed after 2002 also may have challenged the 1973 conviction. Because the fact that the 1978, 2000, and 2002 petitions challenged the 1973 conviction is more than sufficient to find the 2018 Petition to be successive, the Court will not review the other cases to determine which may also have challenged that conviction.

**There is no indication that petitioner has obtained such leave from the Circuit. The Court therefore lacks jurisdiction under 28 U.S.C. § 2244(b).** *See Cooper*, 274 F.3d at 1274. If petitioner wishes to pursue these claims, he must obtain Circuit authorization.

DISCRETIONARY REFERRAL OF HABEAS PETITION TO THE NINTH CIRCUIT

The Court consults Ninth Circuit Rule 22-3(a), which provides in its entirety as follows:

> An applicant seeking authorization to file a second or successive 28 U.S.C. section 2254 petition or 28 U.S.C. § 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under sections 2254 or 2255. *See* Form 12. An original in paper format of the application must be filed . . . unless the application is submitted via Appellate CM/ECF. No filing fee is required.
>
> If an application for authorization to file a second or successive section 2254 petition or section 2255 motion is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.
>
> *If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals.*

Ninth Cir. R. 22-3(a) (last rev. July 1, 2016) (emphasis and ¶ breaks added). The Court finds that it would be in the interests of justice and efficiency to refer this petition to the Circuit.

The question arises whether the Court can both "refer" this petition to the Circuit and dismiss the action without prejudice. Ultimately, petitioner's failure to obtain leave to file from the Circuit justifies dismissal without prejudice, and Circuit Rule 22-3(a) plainly authorizes the Court to refer the petition to the Circuit. **"'Perceiving no legal or practical conflict between these two courses of action, the Court will continue its . . . practice of both dismissing the petition and referring it . . . .'"** *Taylor v. Gonzales*, 2014 WL 4826167, *3 (C.D. Cal. Aug. 27, 2014).

**This is consistent with the practice of many other judges in our district in recent years.** *See, e.g., Smith v. Hatton*, 2017 WL 663154 (C.D. Cal. Feb. 21, 2017) (**Chooljian**, M.J.); *White v. Paramo*, 2017 WL 1011670 (C.D. Cal. Mar. 14, 2017) (**Carter**, J.); *Valson v. Spearman*, 2017 WL 438725 (C.D. Cal. Jan. 31, 2017) (**Selna**, J.); *Washington v. Davey*, 2017 WL 242600 (C.D. Cal. Jan. 18, 2017) (**Gutierrez**, J.); *Flemings v. Hatton*, 2017 WL114076 (C.D. Cal. Jan. 10, 2017) (**Marshall**, J.); *Brown v. Fisher*, 2016 WL 2932087, *1 (C.D. Cal. May 19, 2016) (**Walter**, J.); *Scott v. Pfeiffer*, 2016 WL 1399397 (C.D. Cal. Mar. 4, 2016), *R&R adopted*, 2016 WL 1408050 (C.D. Cal. Apr. 6, 2016); *Phillips*

*v. Johnson*, 2016 WL 922553 (C.D. Cal. Mar. 8, 2016) (**Phillips**, J.); *Farmer v. Biter*, 2016 WL 447793, *1 (C.D. Cal. Feb. 3, 2016) (**Gee**, J.); *Dooley v. Davis*, 2016 WL 183054 (C.D. Cal. Jan. 12, 2016) (**Klausner**, J.); *Pace-White v. Johnson*, 2015 WL 10044278 (C.D. Cal. Nov. 3, 2015) (**Mumm**, M.J.), *R&R adopted*, 2016 WL 552678 (C.D. Cal. Feb. 9, 2016); *Block v. Duffy*, 2015 WL 5826776 (C.D. Cal. Oct. 2, 2015) (**Guilford**, J.) (citing *Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014) (Fairbank, J.)); *Brandon v. L.A. Cty. Superior Court*, 2015 WL 1541567 (C.D. Cal. Apr. 2, 2015) (**Snyder, J.**); *Varnado v. Paramo*, 2014 WL 3845137 (C.D. Cal. Aug. 4, 2014) (**Otero**, J.); *Miller v. Biter*, 2014 WL 3810234 (C.D. Cal. July 31, 2014) (**Real**, J.); *Brock v. Montgomery*, 2014 WL 2812315, *1 (C.D. Cal. June 23, 2014) (**O'Connell**, J.); *Perez v. Holland*, 2014 WL 1466857 (C.D. Cal. Apr. 14, 2014) (**Carney**, J.); *Castaneda v. Long*, 2014 WL 996490, *1 (C.D. Cal. Mar. 13, 2014) (**Anderson**, J.); *Vanderwall v. Soto*, 2015 WL 1893159 (C.D. Cal. Apr. 27, 2015) (**Wright**, J.); *Jones v. Harris*, 2013 WL 1390036, *1 (C.D. Cal. Mar. 15, 2013) (**Wilson**, J.); *Burts v. Yates*, 2012 WL 3019950, *1 (C.D. Cal. July 23, 2012) (**Pregerson**, J.); *Olvera v. Gonzales*, 834 F. Supp.2d 944, 945 (C.D. Cal. 2011) (**Hatter**, J.); *Henderson v. Walker*, 2011 WL 1706775, *1 (C.D. Cal. May 5, 2011) (**Stotler**, J.); *Pace-White v. Johnson*, 2015 WL 1833952 (C.D. Cal. Apr. 10, 2015) (**Nagle**, M.J.).[6] *Cf. Talos v. Spearman*, 2018 WL 654417, *2 (C.D. Cal. Jan. 30, 2018) (recognizing discretion to refer unauthorized successive petition to Circuit, but declining "because petitioner has not attempted to meet the standard set forth in § 2244(b)(2) for filing a second or successive petition").

## PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

Unless a circuit or district judge issues a certificate of appealability ("COA"), an appeal may not be taken from *the final order* in a habeas proceeding in which the challenged detention arises out of

---

[6] Since 2014, this Court has exercised its Circuit Rule 22-3(a) discretion to refer petitioner's previous four habeas petitions to the Circuit -- LA CV 14-04224, 17-02705, 17-06402, and 17-07952.

state-court process, *see* 28 U.S.C. § 2253(c)(1)(A), and "[t]he court of appeals will not act on a motion for a COA if the district court has not ruled first", Ninth Cir. R. 22-1(a).

It is doubtful that the COA requirement applies; today's order arguably is not final for purposes of § 2253(c)(1)(A), because it does not conclusively dispose of all claims and issues. *See Butler v. L.A. Cty.*, 2013 WL 8291425, *9 n.6 (C.D. Cal. Oct. 11, 2013) (citing *Nelson v. Am. Home Ass. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012)). To the extent that the Circuit would require petitioner to obtain a COA, the Court declines to issue one. *Spencer v. Cano*, 2016 WL 2760332, at *2 n.2 (C.D. Cal. May 12, 2016).

A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also 28 U.S.C. § 2253(c)(2). The Court must resolve doubts about the propriety of a COA in petitioner's favor, *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002), but no such doubt exists here: reasonable jurists would agree that the claims are successive and that petitioner has not obtained the Circuit's permission to file them here. *See Myers v. Warden*, 2017 WL 1173908, at *3 (C.D. Cal. Mar. 28, 2017). All jurists would thus agree (1) that Circuit Rule 22-3(a) authorizes this Court to refer the claims to the Circuit, and (2) that this Court lacks jurisdiction to entertain the claims at this time. *See Favor v. Vasquez*, 2017 WL 242598, at *3 (C.D. Cal. Jan. 17, 2017) (Bernal, J.) ("Since the petition is clearly a second or successive petition, Petitioner cannot make the requisite showing that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'") (citation omitted).

ORDER

**Pursuant to Ninth Circuit Rule 22-3(a), the Court REFERS this matter to the United States Court of Appeals for the Ninth Circuit**.

This referral does not constitute compliance with Circuit Rule 22-3 and 28 U.S.C. § 2255(h). Petitioner must still file a motion for leave to proceed in the Court of Appeals and convince the Circuit

to grant leave to file this petition. *Todd v. US*, 2012 WL 5350012, *3 (W.D. Wash. Oct. 4, 2012), *R&R adopted*, 2012 WL 5351845 (W.D. Wash. Oct. 29, 2012).

The Clerk of Court **SHALL SEND** a copy of the habeas corpus petition in this action and a copy of this Order to the United States Court of Appeals for the Ninth Circuit.

The Clerk of Court **SHALL PROVIDE** petitioner with Ninth Circuit Form 12, entitled "Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 . . . ," available on that Court's website at http://www.ca9.uscourts.gov/forms/.

**This action is then DISMISSED without prejudice for lack of jurisdiction**.

**A Certificate of Appealability is DENIED**. If petitioner wishes to appeal, he must seek a COA from the U.S. Court of Appeals for the Ninth Circuit. See Fed. R. App. P. 22(b)(1).[7]

**The Court finds it unnecessary to issue Fed. R. Civ. P. 58 judgment**. *See Spencer*, 2016 WL 2760332 at *2 n.2 (citing *In re Cinevision Int'l*, 2016 WL 638729, *6 (9th Cir. BAP Feb. 16, 2016)).

IT IS SO ORDERED.

Dated: May 18, 2018

*Valerie Baker Fairbank*
_____
Honorable Valerie Baker Fairbank
Senior United States District Judge

---

[7]Ninth Circuit Rule 22-1(d) provides, in part, "If the district court denies a COA as to all issues, petitioner may file a motion for a COA in the court of appeals within 35 days of the district court's entry of its order (1) denying a COA in full, or (2) denying a timely filed post-judgment motion, whichever is later. If petitioner does not file a COA motion with the court of appeals after the district court denies a COA motion in full, the court of appeals shall deem the notice of appeal to constitute a motion for a COA. If the court of appeals appoints counsel to represent petitioner, counsel will be given additional time to file a renewed COA motion."